RAMIREZ, P. J.
*110 R.B. (father) and D.R. (mother) are citizens of India who were married in India. They came to California, where, in October 2013, their only child - a daughter - was born. In December 2016, the father allegedly slapped the child and hit the mother. In February 2017, the mother discovered that the father was involved with another woman. She immediately left for India with the child.
*111 On February 11, 2017, in India, the mother obtained a restraining order giving her sole custody of the child. On February 24, 2017, in California, the father obtained an ex parte order (later stayed) giving him sole custody of the child.
After an evidentiary hearing, the trial court ruled that it had jurisdiction, but that India was a more appropriate forum. It therefore stayed the California proceeding.
The father appeals. He contends that the trial court erred by finding that India was a more appropriate forum, because:
1. India did not have concurrent jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). ( Fam. Code, § 3400 et seq. )
2. The trial court misevaluated the statutorily relevant factors.
In the published portion of this opinion, we will hold that India could be an inconvenient forum even if it did not have concurrent jurisdiction under the UCCJEA. In the nonpublished portion, we find no other error. Hence, we will affirm.
I
FACTUAL BACKGROUND
The following facts are taken from the testimony and exhibits introduced at the evidentiary hearing. We do not consider evidence introduced at earlier hearings. We also do not consider the parties' supporting and responsive declarations, as these were not introduced at the evidentiary hearing. ( In re Marriage of Shimkus (2016) 244 Cal.App.4th 1262, 1271, 198 Cal.Rptr.3d 799 ["as with any evidence, a declaration must be marked and offered and is subject to objections before admission."].)
The father and the mother are both citizens of India. In November 2012, they came to California. The father had a work visa; the mother had a dependent visa. They intended to go back to India permanently someday.
The child was born in California in October 2013. Thus, she is an American citizen. India does not allow dual citizenship, but the child has overseas citizen status, which is equivalent to a lifetime visa.
*112 After the child was born, the parents "went back and forth between California *906 and India several times ...." They wanted her to "be very much aware of Indian culture and tradition" and to spend time with both sets of grandparents. The child speaks both English and Telugu, the parents' native language.
On July 24, 2016, the family went to India so they could spend time with the grandparents. The mother and child stayed there for about five and a half months. The father left sometime before the mother did.
On December 4, 2016, while still in India, the parents had an argument; afterward, the father asked the child, "Do you want me and grandmom, or do you want mom?" She said, "No, I want mom only." The father slapped the child "hard" on the cheek, leaving red marks; he also hit the mother behind the ear.
On January 10, 2017, the mother and child left India and returned to California. In February 2017, the mother "uncovered infidelity" on the part of the father. On February 7, 2017, while the father was in Florida, the parents argued over the phone; the father told the mother to get out of the house.
Later that day, the father texted the mother: "THEN HERE IS MY FINAL DECISION. Pack up and go back to India and do whatever you want ... police court or whatever, I will face it. I will sell the house as well." (Ellipsis in original.) The mother understood the mention of police court to refer to a potential prosecution of the father for domestic violence.
The mother immediately took the child and went to India. On February 10, 2017, she filed a petition for a restraining order in an Indian court. On February 11, 2017, the Indian court ordered: "[The father] or his family members are hereby restrained from taking the [child] from the custody of the [mother] till the next date of hearing."
On April 5, 2017, the mother filed a petition for guardianship in the Indian court. On April 24, 2017, the Indian court gave her temporary guardianship.
A hearing was set in the Indian court for either June 21 or 23, 2017.
*113 II
PROCEDURAL BACKGROUND
On February 23, 2017, the father filed a petition for custody. He also filed an ex parte application for temporary emergency custody orders.[1] The trial court granted the ex parte application, giving the father sole custody.
The mother filed a responsive declaration asking that the case be heard in India, along with a request for orders seeking to quash service of summons. On March 22, 2017, the trial court stayed its ex parte custody order pending a determination regarding its jurisdiction.
The mother filed a trial brief, arguing that India was the child's home state and, alternatively, that India was a more appropriate forum.
On April 27, 2017, the trial court held an evidentiary hearing. On May 15, 2017, it issued a statement of decision. It ruled that California had home state jurisdiction under the UCCJEA. However, it further ruled that California was an inconvenient forum and that India was a more appropriate forum. It therefore stayed the father's petition, on the condition that the mother move forward with a custody proceeding in India.
Such an order granting a motion to stay an action on the ground of inconvenient *907 forum is appealable. ( Code Civ. Proc., § 904.1, subd. (a)(3).)
III
LEGAL BACKGROUND
This case is governed by the UCCJEA, as adopted in California.[2] "The UCCJEA is the exclusive method for determining subject matter jurisdiction for child custody proceedings in California. [Citations.]" ( In re A.C. (2017) 13 Cal.App.5th 661, 668, 220 Cal.Rptr.3d 725.)
Its key jurisdictional provision is Family Code section 3421, subdivision (a) ( section 3421(a) ), which provides:
*114 "Except as otherwise provided in Section 3424, a court of this state has jurisdiction to make an initial child custody determination only if any of the following are true:
"(1) This state is the home state[3 ] of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent ... continues to live in this state.
"(2) A court of another state does not have jurisdiction under paragraph (1), or a court of the home state of the child has declined to exercise jurisdiction on the grounds that this state is the more appropriate forum under Section 3427 ..., and both of the following are true:
"(A) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.
"(B) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.
"(3) All courts having jurisdiction under paragraph (1) or (2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Section 3427 ....
"(4) No court of any other state would have jurisdiction under the criteria specified in paragraph (1), (2), or (3)."
The inconvenient forum provision of the UCCJEA is Family Code section 3427 ( section 3427 ), which provides:
"(a) A court of this state that has jurisdiction under this part to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. ...
"(b) Before determining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including:
*115 "(1) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child.
"(2) The length of time the child has resided outside this state.
*908 "(3) The distance between the court in this state and the court in the state that would assume jurisdiction.
"(4) The degree of financial hardship to the parties in litigating in one forum over the other.
"(5) Any agreement of the parties as to which state should assume jurisdiction.
"(6) The nature and location of the evidence required to resolve the pending litigation, including testimony of the child.
"(7) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence.
"(8) The familiarity of the court of each state with the facts and issues in the pending litigation.
"(c) If a court of this state determines that it is an inconvenient forum and that a court of another state is a more appropriate forum, it shall stay the proceedings upon condition that a child custody proceeding be promptly commenced in another designated state ...."
A foreign country is treated as a "state" for purposes of the UCCJEA. ( Fam. Code, § 3405, subd. (a).)
IV
CONCURRENT JURISDICTION
A. An Inconvenient Forum Finding Did Not Require That India Have Concurrent Jurisdiction under the UCCJEA .
The father contends that the trial court erred by ruling that India was a more appropriate forum because it did not find, and could not have found, that India had concurrent jurisdiction under the UCCJEA. In his view, a California court cannot apply the inconvenient forum doctrine unless the *116 other state already has such concurrent jurisdiction; under section 3421(a)(1), California has exclusive jurisdiction, and India has no jurisdiction at all, and so the trial court erred.
As we will discuss, this argument is premised on outdated law, plus an unfortunate dictum in In re Marriage of Nurie (2009) 176 Cal.App.4th 478, 98 Cal.Rptr.3d 200 belatedly restating that law as if it were still good. We decline to let this dictum lead us astray.
The UCCJEA went into effect on January 1, 2000. (Stats. 1999, ch. 867.) It repealed and replaced (id ., § 2, p. 6199) the Uniform Child Custody Jurisdiction Act (UCCJA), which had gone into effect on January 1, 1974. (Civ. Code, former §§ 5150-5174, Stats. 1973, ch. 693; see also Fam. Code, former §§ 3400 - 3425, Stats. 1992, ch. 162, §§ 10, 13, pp. 553-562, 722.) In many respects, the two statutory schemes are similar. Obviously, however, they are not identical. Accordingly, "[c]ases interpreting the UCCJA are instructive in deciding cases under the UCCJEA except where there is a conflict between the two statutory schemes. [Citations.]" ( In re Marriage of Fernandez-Abin & Sanchez (2011) 191 Cal.App.4th 1015, 1037, fn. 18, 120 Cal.Rptr.3d 227.)
Under the UCCJA, it was possible for multiple states to have concurrent jurisdiction (Fam. Code, former § 3403, subd. (a); Marriage of Torres (1998) 62 Cal.App.4th 1367, 1374-1375, 73 Cal.Rptr.2d 344 ); the UCCJA merely provided rules for determining which state should exercise its jurisdiction. (Fam. Code, former §§ 3406, subds. (a), (c), 3407; see also 9 pt. 1A West's U. Laws Ann. (1999) U. Child Custody Jurisdiction Act, com. to § 3, p. 308.)
These rules were as follows: "The first step in the UCCJA's orderly procedure for determining which court may exercise jurisdiction require[d] that the court must ascertain whether it has jurisdiction under the terms of the UCCJA; second, the court must determine whether there is a custody *909 proceeding pending or a decree existing in another state which presently has jurisdiction. If the court finds that it has jurisdiction, and that there is no proceeding pending or a decree existing, then it must determine which state is the most convenient forum to exercise jurisdiction. If it finds another state is a more convenient forum, then under the standards of the UCCJA, it may not exercise jurisdiction [citation]." ( In re Marriage of Hopson (1980) 110 Cal.App.3d 884, 899-900, 168 Cal.Rptr. 345.)
In other words, under the UCCJA, the inconvenient forum doctrine was one of the rules for deciding which of two states that had concurrent jurisdiction should proceed to exercise that jurisdiction. Thus, it was said that *117 "[a]pplication of the inconvenient forum doctrine [is] limited to situations where at least two states concurrently ha[ve] jurisdiction. [Citation.]" ( Brossoit v. Brossoit (1995) 31 Cal.App.4th 361, 371, fn. 4, 36 Cal.Rptr.2d 919 ; accord, In re Marriage of Fox (1986) 180 Cal.App.3d 862, 873, 225 Cal.Rptr. 823.)
By contrast, "[t]he UCCJEA ensures that only one state has jurisdiction to make 'child custody determinations' .... [Citations.]" ( In re Marriage of Fernandez-Abin & Sanchez , supra , 191 Cal.App.4th at p. 1037, 120 Cal.Rptr.3d 227.) "[A] major aim of the UCCJEA is to avoid 'concurrent jurisdiction.' [¶] Indeed, concurrent assertion of jurisdiction by more than one court was one of the chief problems that led to the enactment of the UCCJEA." ( In re Marriage of Nurie , supra , 176 Cal.App.4th at p. 497, 98 Cal.Rptr.3d 200.) The UCCJEA "provide[s] a comprehensive, integrated system designed to provide that one - and only one - court may exercise jurisdiction over custody determinations at any given time. [Citation.]" ( Id . at p. 498, 98 Cal.Rptr.3d 200.) " '[E]xclusive, continuing jurisdiction' [i]s one of the cornerstones of the UCCJEA, making it one of the crucial ways in which the two regimes differ. [Citations.]" ( Id . at p. 497, 98 Cal.Rptr.3d 200, fns. omitted.)
Now, under the UCCJEA, if California is the home state of the child, a California court has exclusive jurisdiction. ( Fam. Code, § 3421, subd. (a)(1).) However, once that court finds that California is an inconvenient forum, another state (provided it has also adopted the UCCJEA) thereby gains exclusive jurisdiction. ( Fam. Code, § 3421, subds. (a)(2), (a)(3) ; see also Fam. Code, § 3426, subd. (a).)
It is also worth noting that UCCJEA inconvenient forum principles apply in California regardless of whether the other state has adopted the UCCJEA. Thus, a California court that has exclusive home state jurisdiction under section 3421(a) may decide that Massachusetts is a more convenient forum, even though Massachusetts has not adopted the UCCJEA (9 pt. 1A West's U. Laws Ann. (1999) U. Child Custody Jurisdiction Act, 2018 pocket pt., pp. 84-85), and even though Massachusetts could conceivably determine, using its own rules, that it should not exercise jurisdiction. At first glance, this poses a risk that no court will exercise jurisdiction, but the safety net is that the California court will merely stay the proceeding; if Massachusetts declines to exercise jurisdiction, the California proceeding may resume. ( Fam. Code, § 3427, subd. (c).)
In sum, then, it is no longer true that the inconvenient forum doctrine applies only when two states have concurrent jurisdiction. In fact, it is logically impossible (unless the other state, like Massachusetts, is applying non-UCCJEA rules).
Nevertheless, the father relies on pre-UCCJEA cases such as Hopson and Brossoit . He acknowledges that they were decided under the UCCJA, but he *118 blithely declares that "the basic principles at issue *910 here have continued into the current statutory scheme." But not so.
The father does also rely on one post-UCCJEA case - In re Marriage of Nurie , supra , 176 Cal.App.4th 478, 98 Cal.Rptr.3d 200. There, the wife refused to return the couple's child from Pakistan. ( Id . at p. 485, 98 Cal.Rptr.3d 200.) A California court awarded custody to the father, but the wife and child remained in Pakistan. ( Id . at pp. 486-487, 98 Cal.Rptr.3d 200.) Thereafter, the husband went to Pakistan and the parties litigated custody in Pakistan, culminating in an order that the child not be removed from Pakistan. ( Id . at pp. 486-487, 98 Cal.Rptr.3d 200.) Nevertheless, the father took the child to California. ( Id . at p. 489, 98 Cal.Rptr.3d 200.) The California court refused to enforce the Pakistani court's orders and refused to find that Pakistan was a more convenient forum. ( Id . at pp. 489-490, 98 Cal.Rptr.3d 200.)
The appellate court discussed the UCCJEA's emphasis on exclusive jurisdiction and its avoidance of concurrent jurisdiction. ( In re Marriage of Nurie , supra , 176 Cal.App.4th at pp. 496-498, 98 Cal.Rptr.3d 200.) It then held that the California court had acquired exclusive jurisdiction and had never lost it. ( Id . at pp. 498-511, 98 Cal.Rptr.3d 200.) It further held that the trial court did not err by refusing to find that Pakistan was a more appropriate forum. ( Id . at pp. 513-514, 98 Cal.Rptr.3d 200.) It reviewed the trial court's finding on each of the relevant statutory factors and concluded: "In light of [its] thoughtful analysis, we cannot say that the trial court abused its discretion in refusing to declare Pakistan a more convenient forum. A court should decline jurisdiction as an inconvenient forum only when there is concurrent jurisdiction elsewhere. [Citing Brossoit .] ... Here, as discussed, California had exclusive, continuing jurisdiction, and Pakistan had no modification jurisdiction under UCCJEA principles." ( Id . at p. 514, 98 Cal.Rptr.3d 200, italics added.)
Given the court's in-depth discussion of the fact that the UCCJEA does not recognize concurrent jurisdiction, we are at a loss to understand what it meant by the italicized language. In any event, this language does not appear to be a crucial part of the court's reasoning. Rather, the court upheld the trial court's ruling that Pakistan was not a more appropriate forum based on the trial court's analysis of the statutory factors, plus the fact that Pakistan had not acquired modification jurisdiction.
We therefore conclude that the trial court could properly find that India was a more appropriate forum, even though India did not have concurrent jurisdiction under the UCCJEA.
B. Failure to Communicate with the Indian Court .**
*119 V***
VI
DISPOSITION
The order appealed from is affirmed. The mother is awarded costs on appeal against the father.
We concur:
CODRINGTON, J.
SLOUGH, J.
APPENDIX A†

There is a dispute - which we need not resolve - as to whether the father already knew that the Indian court had issued a restraining order.

India is not a party to the Hague Convention on the Civil Aspects of International Child Abduction. (Status Table < https://www.hcch.net/en/instruments/conventions/status-table/?cid=24>, as of October 9, 2018.)

" 'Home state' means the state in which a child lived with a parent ... for at least six consecutive months immediately before the commencement of a child custody proceeding." (Fam. Code, § 3402, subd. (g).)

See footnote *, ante .

See footnote *, ante .

See footnote *, ante .